# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUELL CORPORATION,<br>Plaintiff, | |
| | Docket No. |
| v. | |
| | Jury Trial Demanded |
| EVANS CONSOLES CORPORATION,<br>Defendant. | ELECTRONICALLY FILED |

## COMPLAINT

Plaintiff, Mauell Corporation ("Mauell"), submits this Complaint for Declaratory Judgment against Defendant, Evans Consoles Corporation ("Evans"), as follows:

## THE PARTIES

1. Mauell is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 31 Old Cabin Hollow Road, Dillsburg, Pennsylvania 17019.

768078.1

2. Evans is, upon information and belief, a Canadian corporation, having having its headquarters and principal place of business at 1616 27th Avenue NE, Calgary, Alberta, Canada T2E 8W4.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35, United States Code.

4. This Court has original and exclusive Federal Question jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has jurisdiction of this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws, 35 U.S.C. §§ 1 et. seq.

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

## CLAIMS FOR RELIEF

### FIRST CLAIM
### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,214,436 )

7. Plaintiff repeats and incorporates by reference the allegations set forth in the above Paragraphs.

8. By correspondence dated January 14, 2010 (the "Letter"), counsel for Evans alleged that certain products manufactured and/or sold by Mauell (the

"Accused Products") of infringing U.S. Patent No. 6,214,436 (the '436 patent), and threatened Mauell with imminent litigation. A copy of the Letter is attached hereto as Exhibit "A" and a copy of the '436 patent is attached hereto as Exhibit "B."

9. Evans is the assignee of the '436 patent.

10. As a result of the Letter, there is an actual and substantial controversy, of sufficient immediacy, between the parties as to whether the Accused Products infringe the '436 patent.

11. The Accused Products do not infringe the '436 patent.

12. Because of the actual case or controversy and imminent threat of litigation concerning the '436 patent and the Accused Products, a declaration of rights between the parties is necessary to establish that the Accused Products do not infringe the '436 patent.

## SECOND CLAIM
### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,055,718 )

13. Plaintiff repeats and incorporates by reference the allegations set forth in the above Paragraphs.

14. In the January 14, 2010 Letter (Exhibit "A"), counsel for Evans also alleged that the Accused Products infringe U.S. Patent No. 6,055,718 (the '718 patent) and threatened Mauell with imminent litigation. A copy of the '718 patent is attached hereto as Exhibit "C."

15. Evans is the assignee of the '718 patent.

3

16. As a result of the Letter, there is an actual and substantial controversy, of sufficient immediacy, between the parties as to whether the Accused Products infringe the '718 patent.

17. The Accused Products do not infringe the '718 patent.

18. Because of the actual case or controversy and imminent threat of litigation concerning the '718 patent and the Accused Products, a declaration of rights between the parties is necessary to establish that the Accused Products do not infringe the '718 patent.

## THIRD CLAIM
### (NON-INFRINGEMENT OF U.S. PATENT NO. 6,025,047)

19. Plaintiff repeats and incorporates by reference the allegations set forth in the above Paragraphs.

20. In the January 14, 2010 Letter (Exhibit "A"), counsel for Evans also alleged that the Accused Products infringe U.S. Patent No. 6,025,047 (the '047 patent) and threatened Mauell with imminent litigation. A copy of the '047 patent is attached hereto as Exhibit "D."

21. Evans is the assignee of the '047 patent.

22. As a result of the Letter, there is an actual and substantial controversy, of sufficient immediacy, between the parties as to whether the Accused Products infringe the '047 patent.

23. The Accused Products do not infringe the '047 patent.

4

24. Because of the actual case or controversy and imminent threat of litigation concerning the '047 patent and the Accused Products, a declaration of rights between the parties is necessary to establish that the Accused Products do not infringe the '047 patent.

## FOURTH CLAIM
## (LACHES)

25. Mauell repeats and incorporates by reference the allegations set forth in the above Paragraphs.

26. Mauell has manufactured and sold the Accused Products for more than ten years.

27. Evans delayed filing suit for an unreasonable and inexcusable time from when it knew or reasonably should have known of its claims against Mauell.

28. Evans' inexcusable delay operated to the material prejudice of Mauell.

29. As Evans delayed bringing suit for an inexcusable time from when it knew or should have known of Mauell's sales of the Accused Products, Evans is barred in its assertion of infringement by the doctrine of laches.

30. Because of the actual case or controversy between the parties, this Court should declare that Evans is barred from any claim of damages for infringement of the Patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mauell Corporation prays for a judgment:

A. Declaring that Mauell's Accused Products do not infringe the claims of U.S. Patent No. 6,214,436, U.S. Patent No. 6,055,718, or U.S. Patent No. 6,025,047;

B. Declaring that Evans is barred by the doctrine of laches from asserting damages for infringement of U.S. Patent No. 6,214,436, U.S. Patent No. 6,055,718, or U.S. Patent No. 6,025,047 against Mauell and its Accused Products;

C. Declaring this case to be an exceptional case pursuant to 35 U.S.C. § 285;

D. Awarding Mauell its attorneys fees, interest incurred herein, and costs;

E. Awarding Mauell any other relief deemed just by the Court.

## JURY DEMAND

Plaintiff Mauell Corporation hereby demands trial by jury on all issues.

                                                Respectfully Submitted,

                                                RHOADS & SINON LLP

January 22, 2010          /s/ Robert J. Tribeck
                                             Robert J. Tribeck
                                             Kevin M. Gold
                                             Rhoads & Sinon LLP
                                             One South Market Square
                                             Harrisburg, PA 17108-1146
                                             Tel: (717) 231-6701
                                             Fax: (717) 231-6610
                                             *Attorneys for Mauell Corporation*